UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24849

KIMBERLY HARRIGAN,

     Plaintiff,

v.

ISLAND HOTEL COMPANY, LTD..; and
BROOKFIELD HOSPITALITY PROPERTIES, LLC.

     Defendants.

_____/

## AMENDED COMPLAINT[1]

    Plaintiff, KIMBERLY HARRIGAN, sues Defendants, ISLAND HOTEL COMPANY, LTD; and BROOKFIELD HOSPITALITY PROPERTIES, LLC and alleges as follows:

**PARTIES, JURISDICTION, VENUE, AND
GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS**

1. This is a diversity action for damages under 28 U.S.C. § 1332 with damages totaling more than $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. Plaintiff, KIMBERLY HARRIGAN, is and was at all relevant times a United States citizen and domiciled in Michigan.

3. Defendant, ISLAND HOTEL COMPANY, LTD ("ISLAND HOTEL") is and was at all relevant times a Bahamian company doing business in Florida.

---

[1] Amended per the Court's Order dated December 24, 2023 [D.E. 5].

1

4. Defendant, BROOKFIELD HOSPITALITY PROPERTIES, LLC., ("BROOKFIELD HOSPITALITY") is and was at all relevant times a Delaware corporation with its principal place of business and domicile located in New York.

5. ISLAND HOTEL COMPANY LTD and BROOKFIELD HOSPITALITY, collectively "RESORT DEFENDANTS," either individually or in concert own and operate the Atlantis Paradise Island Resort located in Paradise Island, Bahamas. ("Atlantis Resort" or "subject resort")

6. This Court has personal jurisdiction over RESORT DEFENDANTS because either individually or in concert they own or operate 37 properties in the State of Florida and individually or collectively with other companies conduct substantial and not isolated business or business ventures within the State of Florida pursuant to Florida Statute §48.193(1)(a).

7. Specifically, RESORT DEFENDANTS enter into contracts with other entities in the State of Florida concerning the promotion and use of their Bahamian properties, including the Atlantis Resort. Further, RESORT DEFENDANTS themselves derive financial benefit from the operation of properties throughout the State of Florida thereby invoking the protection of Florida law.

8. RESORT DEFENDANTS maintain sufficient if not significant contacts within the State of Florida that generates income for Defendants, specifically through the subject resort.

9. Further, RESORT DEFENDANTS maintain active business relationships with cruise ship operators located within Florida from which they derive economic benefits.

10. RESORT DEFENDANTS' continuous and systematic general business contacts within the State of Florida, including marketing and selling vacations and stays to Floridians for the subject resort are sufficient to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1).

2

11. This Court has subject matter jurisdiction because all the parties are diverse in citizenship. Upon information and belief, none of the members of BROOKFIELD HOSPITALITY are citizens of Michigan and ISLAND HOTEL is a Bahamian company.

12. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(3). Further, venue is proper because Plaintiff cannot financially afford bring suit in The Bahamas. Therefore, this is the only available venue for this action.

### FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13. On or about February 12, 2022, Plaintiff, despite using all reasonable care slipped and fell while exiting the pool in the subject resort. Generally, pool areas are known to become wet. This case is not about whether there was water on the floor. The material chosen for the flooring in the entrance/exit of the subject pool should not become unreasonably *slippery* even when wet. The slip in this case occurred because the material used for the flooring was not suitable for an area such as the exit or entrance of a pool.

14. Further the area where Plaintiff fell did not have a suitable handrail. Failure to include a handrail is contrary to industry standards and applicable building codes.

15. As a result of the fall, Plaintiff suffered severe injuries including a concussion.

### COUNT I
### NEGLIGENCE AGAINST ISLAND HOTEL

16. At all material times, Defendant ISLAND HOTEL owed Plaintiff a duty to maintain its premises in a condition that was safe for all invitees including through proper inspections, selection of materials used in the flooring, maintenance, compliance with industry standards and codes, and follow up.

3

17. At all material times, Defendant ISLAND HOTEL owed Plaintiff a further duty to warn of any dangerous conditions of which it knew or should have known existed on the subject resort property.

18. Despite these duties, ISLAND HOTEL failed to reasonable precautions, for the safety of invitees such as Plaintiff, who was lawfully on its premises and negligently breached its duties in one or more of the following ways:

   a. Failing to select proper flooring material for the area where Plaintiff fell making the area unreasonably slippery and not suitable for its intended use;

   b. Failing to have adequate handrails in the entrance/exit of the subject pool;

   c. Failing to inspect and/or maintain the area where Plaintiff fell the exercise of which would have revealed the unreasonably slippery/hazardous conditions;

   d. Allowing these defective or dangerous conditions to be created and/or remain so as to create a hazardous condition for all invitees, all of which was known by Defendant.

19. Defendant, ISLAND HOTEL knew or should have known that the area in question was unreasonably slippery and therefore a hazard under the circumstances.

20. As a direct and proximate result of the described negligence Plaintiff slipped and fell and suffered severe injuries.

WHEREFORE, Plaintiff, KIMBERLY HARRIGAN, demands judgment against ISLAND HOTEL for compensatory damages, interest and costs associated with bringing this action.

## COUNT II
## NEGLIGENCE AGAINST BROOKFIELD HOSPITALITY

21. At all material times, Defendant BROOKFIELD HOSPITALITY owed Plaintiff a duty to maintain its premises in a condition that was safe for all invitees including through proper

inspections, selection of materials used in the flooring, maintenance, compliance with industry standards and codes, and follow up.

22. At all material times, Defendant BROOKFIELD HOSPITALITY owed Plaintiff a further duty to warn of any dangerous conditions of which it knew or should have known existed on the subject resort property.

23. Despite these duties, BROOKFIELD HOSPITALITY failed to reasonable precautions, for the safety of invitees such as Plaintiff, who was lawfully on its premises and negligently breached its duties in one or more of the following ways:

    a. Failing to select proper flooring material for the area where Plaintiff fell making the area unreasonably slippery and not suitable for its intended use;

    b. Failing to have adequate handrails in the entrance/exit of the subject pool;

    c. Failing to inspect and/or maintain the area where Plaintiff fell the exercise of which would have revealed the unreasonably slippery/hazardous conditions;

    d. Allowing these defective or dangerous conditions to be created and/or remain so as to create a hazardous condition for all invitees, all of which was known by Defendant.

24. Defendant, BROOKFIELD HOSPITALITY knew or should have known that the area in question was unreasonably slippery and therefore a hazard under the circumstances.

25. As a direct and proximate result of the described negligence Plaintiff slipped and fell and suffered severe injuries.

WHEREFORE, Plaintiff, KIMBERLY HARRIGAN, demands judgment against BROOKFIELD HOSPITALITY for compensatory damages, interest and costs associated with bringing this action.

## **DAMAGES**

Plaintiff, KIMBERLY HARRIGAN, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

Plaintiff's injuries and related damages were caused by RESORT DEFENDANTS or their agents or employees.

WHEREFORE, Plaintiff, KIMBERLY HARRIGAN, demands judgment against ISLAND HOTEL COMPANY, LTD. and BROOKFIELD HOSPITALITY PROPERTIES, LLC. for compensatory damages, interest, and costs associated with bringing this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Date: January 5, 2023

Respectfully submitted,

GARAY LAW
*Counsel for Plaintiff*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Robert L. Parks
ROBERT L. PARKS
*Of Counsel*
Florida Bar No. 61436
bob@garaylawfirm.com
ana@garaylawfirm.com
GABRIEL GARAY
Florida Bar No. 103303
gabe@garaylawfirm.com