**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:23-cv-24849-GAYLES**

**KIMBERLY HARRIGAN,**

      Plaintiff,

v.

**BROOKFIELD CORPORATION,**
**BROOKFIELD PROPERTY PARTNERS, L.P., and**
**BROOKFIELD HOSPITALITY PARTNERS, LLC,**

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On December 21, 2023, Plaintiff filed a Complaint alleging that this Court has subject matter jurisdiction based on diversity jurisdiction. [ECF No. 1 ¶ 1]. On December 24, 2023, this Court found that the Complaint failed to adequately invoke this Court's subject matter jurisdiction because it did not sufficiently allege the citizenship of each member of Defendants Brookfield Property Partners, L.P. ("Brookfield L.P.") and Brookfield Hospitality Partners, LLC. ("Brookfield LLC"). [ECF No. 5]. Plaintiff was ordered to file an amended complaint including "sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case." *Id.* at 2. On January 5, 2024, Plaintiff filed a Notice of Voluntary Dismissal as to Defendants Brookfield Corporation and Brookfield L.P. [ECF No. 6]. On the same day, Plaintiff filed an Amended Complaint, further alleging that "[u]pon information and belief, none of the members of [Brookfield LLC] are citizens of Michigan . . . ." [ECF No. 7].

1

However, Plaintiff's allegations remain insufficient for the Court to determine whether it has diversity jurisdiction. Foremost, Plaintiff does not identify any of Brookfield LLC's members or their respective citizenships. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."). Therefore, Plaintiff's reliance solely upon her information and belief regarding Brookfield LLC's members and their respective citizenships is insufficient to establish the requirements for diversity jurisdiction. *See Admiral Ins. Co. v. VPRART, LLC*, No. 21-21312-CIV, 2021 WL 1318223, at *1 (S.D. Fla. Apr. 7, 2021) (recognizing that it is not appropriate to plead jurisdictional allegations *only* upon information and belief). Therefore, the Amended Complaint does not adequately invoke this Court's subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that the Amended Complaint is **DISMISSED without prejudice**. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of January, 2024.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record